UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HUEY PETER MIGUES, JR. | CIVIL ACTION NO. 6:18-cv-01611 |
| VERSUS | JUDGE SUMMERHAYS |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

### RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS

Currently pending is the motion for attorneys' fees and costs, which was filed by the appellant, Huey Peter Migues, Jr., pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Rec. Doc. 20). Mr. Migues seeks to recover the sum of $7,280.00 (representing 41 hours of attorney time at the rate of $175 per hour plus costs of $105.00). The Commissioner of the Social Security Administration opposed the motion. (Rec. Doc. 22). For the reasons set forth below, this Court finds that Mr. Migues's motion should be granted in part and denied in part.

### Background Information

In January 2016, Mr. Migues filed an application for supplemental security income benefits ("SSI"). After his application was denied, Mr. Migues requested a hearing, which was held on November 9, 2017. On December 28, 2017, Administrative Law Judge Holly Hansen issued a ruling in which she found that Mr. Migues was not disabled. Mr. Migues appealed the ruling in this proceeding, styled

*Migues v. Andrew Saul, Commissioner of the Social Security Administration*, bearing Civil Action No. 6:18-cv-01611 on the docket of this court. In a report and recommendation (Rec. Doc. 18), this Court determined that the ALJ failed to recognize or consider the claimant's borderline age situation, as required by the regulations, resulting in a decision that was not supported by substantial evidence. On December 12, 2019, the district court adopted this Court's report and recommendation and issued a judgment (Rec. Doc. 19) ordering this matter to be remanded to the Commissioner for further administrative proceedings. The judgment stated that the matter was being remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g), and a footnote in the judgment expressly explained that a "fourth sentence remand constitutes a final judgment that triggers the filing period for an EAJA fee application."[1]

## Analysis

**A.     Recovery Permitted under The EAJA.**

The EAJA permits the recovery of attorneys' fees, costs, and expenses in proceedings for judicial review of an agency's action.[2] The purpose of the statute is "to ensure that there is sufficient representation for individuals who need it while

---

[1]     Rec. Doc. 19 at 1, n. 1.

[2]     28 U.S.C. § 2412(a)(1); 28 U.S.C. § 2412(d)(1)(A).

minimizing the cost of attorneys' fees awards to the taxpayers"[3] or, in other words, "to eliminate for the average person the financial disincentive to challenge unreasonable government actions."[4] A party is entitled to recover attorneys' fees pursuant to the EAJA if his net worth is less than $2 million;[5] he is the prevailing party; he filed a timely fee application; the government's position was not substantially justified; and no special circumstances make an award unjust.[6] An award of attorneys' fees, costs, and expenses under the EAJA must also be reasonable.[7] In this case, the Commissioner argued that Mr. Migues should not be permitted to recover attorneys' fees because the Commissioner's position was substantially justified. The Commissioner also argued that Mr. Migues should not be permitted to recover costs because he was proceeding *in forma pauperis*.

1. **Mr. Migues's Net Worth.**

Mr. Migues filed his appeal *in forma pauperis* (Rec. Doc. 3), seeking SSI benefits. In support of the instant motion, he stated that his net worth is less than $2

---

[3] *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).

[4] *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (quoting *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995)).

[5] 28 U.S.C. § 2412(d)(2)(B).

[6] 28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[7] 28 U.S.C. § 2412(b).

million. The Commissioner did not challenge that representation. Accordingly, this Court finds that this requirement for an award of EAJA attorneys' fees is satisfied.

   2.   **Mr. Migues was the Prevailing Party.**

The Fifth Circuit explained that "[a] party prevails by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"[8] More particularly, a party who obtains reversal or remand of an adverse Social Security ruling pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of the EAJA.[9] Mr. Migues successfully appealed an adverse ruling of the Commissioner. Therefore, there is no dispute that he is a prevailing party.

   3.   **The Timeliness of the Motion**

The EAJA requires a prevailing party to submit an application for fees, costs, and expenses "within thirty days of final judgment in the action."[10] Judgment was rendered in this matter on December 12, 2019 (Rec. Doc. 19), and Mr. Migues's motion for fees and costs was filed on January 7, 2020 (Rec. Doc. 20). Therefore,

---

[8] *Squires-Allman v. Callahan*, 117 F.3d at 920 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[9] *Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).

[10] 28 U.S.C. § 2412(d)(1)(B).

his motion was timely. Furthermore, the Commissioner did not oppose the instant motion on the basis of timeliness.

4. **The Commissioner's Position was Not Substantially Justified.**

The Commissioner argued that Mr. Migues should be precluded from recovering attorneys' fees and costs under the EAJA because the Commissioner's position in denying benefits was "substantially justified." "The standard for determining whether the government's position is substantially justified is whether the position is 'justified to a degree that could satisfy a reasonable person.'"[11] The burden is on the government to prove that its position was substantially justified.[12] In this case, the Commissioner argued that its position was substantially justified because there is no requirement that an ALJ must explain whether he considered the borderline age issue in each and every case in which that issue might be applicable. This Court finds that the Commissioner's argument lacks merit, and consequently further finds that the Commissioner's position was not substantially justified.

As fully explained in this Court's report and recommendation (Rec. Doc. 18), a borderline age situation exists when the claimant is within a few days to a few months of the next older age category set forth in the Grid Rules. Although the

---

[11] *Hernandez v. Barnhart*, 202 Fed. App'x 681, 682 (5th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[12] *Baker v. Bowen*, 839 F.2d at 1080.

5

Commissioner has discretion to determine when a situation is borderline, the general rule is that a person who is within six months of the next higher age category is considered to be in a borderline situation. When that situation exists, the regulations require an ALJ to consider whether to use the older age category.[13] As the Commissioner pointed out in his opposition brief, the Program Operation Manual System ("POMS") defines the phrase "within a few days to a few months" as meaning within six months of reaching the older age category.[14] Mr. Migues was five months away from the older age when the ALJ's ruling was issued. Therefore, the ALJ should have considered whether the older age category should have been used. Clear guidance on this issue is set forth in the regulations and the jurisprudence, as cited in this Court's report and recommendation. Therefore, it was not reasonable for the ALJ to ignore the existence of the borderline age situation in this case. Accordingly, this Court finds that the Commissioner failed to establish that the position it took in the litigation was substantially justified.

### 5. **There are No Special Circumstances.**

The EAJA disqualifies an applicant from an award of attorneys' fees if there are special circumstances making an award unjust.[15] It is the government's burden

---

[13]  20 C.F.R. § 416.963(b).

[14]  Rec. Doc. 22 at 3 (citing *Program Operation Manual System* (POMS) DI 25015.006).

[15]  28 U.S.C. § 2412(d)(1)(A).

to prove that special circumstances exist.[16]  The Commissioner did not object to Mr. Migues's motion for attorneys' fees and costs on this basis; more important, the Commissioner did not articulate any special circumstances that would make an award of fees unjust in this case.  This Court therefore finds that no special circumstances exist that would make an award of attorneys' fees unjust in this case.

**B.**     **Mr. Migues Cannot Recover Costs.**

Mr. Migues seeks to recover as costs the $105.00 that the Clerk of Court charged for his out-of-state attorney to be admitted *pro hac vice* in this case.  (Rec. Doc. 5).  Taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA.[17]  Litigation expenses also are compensable under the EAJA provided they are reasonable and necessary.[18]  However, the statute addressing proceedings *in forma pauperis* states that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred."[19]  Costs include fees of the clerk of court such as the fee charged for an attorney's *pro hac vice* admission to practice before the court.[20]

---

[16]     *Baker v. Bowen*, 839 F.2d at 1080.

[17]     28 U.S.C. § 2412(a).

[18]     *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

[19]     28 U.S.C. § 1915(f)(1).

[20]     28 U.S.C. § 1920(a)(1).

Several courts have concluded that a Social Security disability claimant, proceeding *in forma pauperis*, cannot recover costs against the United States.[21] This Court also interprets the cited statutes as prohibiting the recovery of costs by an appellant in a suit against the Commissioner of the Social Security Administration when the claimant is proceeding *in forma pauperis*. Therefore, to the extent that Mr. Migues's motion seeks the recovery of $105.00 in costs, the motion will be denied.

C.  **The Reasonableness Of the Claimed Attorneys' Fees.**

Having found that the necessary predicates for an award of attorneys' fees under the EAJA have been satisfied, this Court must determine whether the amount sought to be recovered is reasonable. The EAJA permits the recovery of reasonable attorneys' fees based on prevailing market rates.[22] As the fee applicant, Mr. Migues bears the burden of demonstrating the reasonableness of the number of hours expended on the claim.[23] As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."[24] Therefore, this Court must determine

---

[21]  See, e.g., *Craig v. Commissioner of Social Security*, No. 17-1715-EWD, 2019 WL 3937633, at *2 (M.D. La. Aug. 20, 2019); *Rhodus v. Commissioner of Social Security*, No. 17-545-EWD, 2019 WL 2897692, at *2 (M.D. La. July 5, 2019); *Clements v. Colvin*, No. 3:15CV20-DAS, 2015 WL 6554482, at *2 (N.D. Miss. Oct. 29, 2015); *Sandoval v. Apfel*, 86 F.Supp.2d 601, 613-14 (N.D. Tex., 2000). See, also, *Jones v. Barnhart*, No. 1:02CV00042JFF, 2004 WL 2297857, at *1 (E.D. Ark. Aug. 30, 2004).

[22]  28 U.S.C. § 2412(d)(2)(A).

[23]  *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

[24]  *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

whether the hours claimed by Mr. Migues's attorney are reasonable and whether his hourly billing rate is consistent with the prevailing market rates.

This Court reviewed the itemized billing statement submitted by Mr. Migues in support of the fee motion. According to that statement, Mr. Migues's counsel spent a total of 49 hours working on his case at the rate of $175.00 per hour, but he is seeking to recover for only 41 of those hours or $7,175.00 in attorneys' fees.

The Commissioner did not object to Mr. Migues's counsel being compensated for the hours set forth on the attorney time statement nor did the Commissioner object to the requested hourly rate. This Court has reviewed the attorney time statement and finds that the hours reflected there were spent advancing Mr. Migues's appeal of the unfavorable ruling by drafting pleadings, reviewing the evidence, researching relevant issues, drafting and revising the brief, conferring with the claimant, and staying abreast of developments in the litigation. The work performed by Mr. Migues's counsel furthered his case, and a favorable result was obtained. Accordingly, this Court finds that the 41 hours spent on this case by Mr. Migues's attorney for which recovery is sought were reasonable. This Court further finds that Mr. Migues's attorney should be compensated at the requested hourly rate of $175 per hour, which is the prevailing rate in this district.[25]

---

[25] In *Montgomery v. Colvin*, No. 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016), the court weighed cost of living increases since 2014 against prevailing market conditions and the healthy

9

The Supreme Court has held that EAJA awards are payable directly to the prevailing party, not his attorney,[26] and the Fifth Circuit has reiterated this point.[27] Accordingly, this Court finds that Mr. Migues should be paid attorneys' fees calculated on the basis of 41 hours at $175.00 per hour or a total of $7,175.00, and that the award of attorneys' fees should be made payable to Mr. Migues but sent in care of his attorney.

## Conclusion

This Court finds that Mr. Migues is entitled to an award of attorneys' fees pursuant to the EAJA because he is the prevailing party, his net worth is less than $2 million, the Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would make an award unjust. This Court further finds that 41 hours of work by Mr. Migues's attorney were reasonable and necessary, that the prevailing market rate for attorneys representing clients seeking Social Security awards in this district is $175 per hour, and that costs cannot be

---

community of social security practitioners in this area and implemented an hourly rate of $175.00 per hour for EAJA petitions for services performed in 2014 and going forward. See, also, *Roark v. Saul*, No. 3:18-CV-0736, 2019 WL 7287168, at *4 (W.D. La. Dec. 11, 2019); *Plaisance v. Saul*, No. 6:18-cv-00033, 2019 WL 4187808, at *6 (W.D. La. Sept. 4, 2019); *Lott v. Berryhill*, No. 17-0783, 2018 WL 6920115, at *1 (W.D. La. Dec. 17, 2018), report and recommendation adopted, 2019 WL 80869 (W.D. La. Jan. 2, 2019) (adopting an hourly rate of $175 per hour for work performed by an attorney); *Parrish v. Colvin*, No. 15-0581, 2016 WL 6581357, at *1 (W.D. La. Aug. 25, 2016) (same).

[26] *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

[27] *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

recovered by Mr. Migues, justifying an award in the total amount of $7,175.00. Accordingly,

**IT IS ORDERED** that Mr. Migues's motion for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART. More particularly, the motion is granted with regard to the attorneys' fees sought to be recovered and denied with regard to the costs sought to be recovered.

**IT IS FURTHER ORDERED** that the sum of $7,175.00 is awarded to Mr. Migues as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check to Mr. Migues's counsel made payable to Huey Peter Migues, Jr. in the amount of $7,175.00.

Signed at Lafayette, Louisiana, this 7th day of February 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE